# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL ACTION |
| v. | : | |
| | : | NO. 21-80 |
| ERVING JACKSON | : | |

## ORDER

**AND NOW**, this  20th  day of  March , 2024, upon consideration of Defendant Erving

Jackson's Motion to Dismiss Count Four of the Indictment (ECF No. 43), and all documents

submitted in support thereof and in opposition thereto, it is **ORDERED** that Defendant's Motion

is **DENIED.**[1]

**IT IS SO ORDERED.**

**BY THE COURT:**

*/s/ R. Barclay Surrick*
**R. BARCLAY SURRICK, J.**

---

[1] The Indictment in this matter charges Defendant with distribution of 5 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) (Count I); two counts of distribution of 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A) (Counts II and III); and one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (Count IV). (Indictment, ECF No. 1.)

Defendant's Motion seeks dismissal of the felon-in-possession count, which is predicated on his two previous state court convictions for crimes punishable by an imprisonment term exceeding one year. Specifically, on June 29, 2009, Defendant was convicted of trademark counterfeiting, in violation of 18 Pa. Stat. and Cons. Stat. Ann. § 4119(a), a first-degree misdemeanor punishable by imprisonment for not more than five years. *See Commonwealth v. Jackson*, MC-51-CR-0014300-2009 (Phila. Cty. Ct. Com. Pl.); *see also* 18 Pa. Stat. and Cons. Stat. Ann. § 1104(1) (specifying maximum imprisonment term for first-degree misdemeanor). On January 4, 2012, Defendant was convicted of carrying a firearm without a license, in violation of 18 Pa. Stat. and Cons. Stat. Ann. § 6106(a)(1), a third-degree felony punishable by imprisonment of not more than seven years. *See Commonwealth v. Jackson*, No. CP-51-CR-0011879-2011 (Phila. Cty. Ct. Com. Pl.) *see also* 18 Pa. Stat. and Cons. Stat. Ann. § 1103(3) (specifying maximum imprisonment term for third-degree felony).

Defendant's primary argument relies on *Range v. Att'y Gen. U.S.*, 69 F.4th 96 (3d Cir. 2023) (*en banc*), and *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022), to assert that the felon-in-possession statute—18 U.S.C. § 922(g)(1)— is unconstitutional as applied to him.  (Mot. at 4-10.)  Defendant also argues that Section 922(g)(1) is unconstitutional in all applications (*id.* at 10-12); is void for vagueness (*id.* at 12-13); and, to preserve the issue, is unconstitutional under the original understanding of the Commerce Clause.  In response to Defendant's as-applied challenge, the Government argues that unlike *Range*, which concerned a civil lawsuit by an individual who was prohibited from buying a firearm based on a single decades-old conviction for making a false statement to obtain food stamps, Defendant here has two prior felony convictions.  (Gov't Opp., ECF No. 45, at 3-5.)  The Government asserts that Defendant's challenge fails because he does not maintain that he possessed the firearm and ammunition for a lawful purpose and because under the historical test outlined in *Bruen*, the government may bar a felon such as Defendant from possessing a firearm.  (*Id.* at 7-15.)  The Government further argues that Defendant's facial challenge to § 992(g)(1) and his vagueness and Commerce Clause contentions lack merit.  (*Id.* at 17-20.)

For the following reasons, we deny Defendant's Motion, joining the vast majority of district court judges in in this Circuit who have rejected these arguments in similar cases.  *See, e.g.*, *United States v. Fields*, No. 21-458, 2024 WL 756948, at *2-5 (W.D. Pa. Feb. 23, 2024); *United States v. Ortiz*, No. 23-506, 2024 WL 493423, at *2-7 (E.D. Pa. Feb. 8, 2024); *United States v. Craig*, No. 21-338, 2024 WL 449386, at *3-4 (W.D. Pa. Feb. 6, 2024); *United States v. Adams*, No. 23-122, 2024 WL 54112, at *6-12 (M.D. Pa. Jan. 4, 2024); *United States v. Velazquez*, No. 23-657, 2024 WL 49690, at *11-14 (D.N.J. Jan. 4, 2024); *United States v. Hydock*, No. 23-205, 2023 WL 8810793, at *2-8 (E.D. Pa. Dec. 20, 2023); *United States v. Cook*, No. 22-37, 2023 WL 8433510, at *2 (D. Del. Dec. 5, 2023); *but see United States v. Harper*, No. 21-0236, --- F. Supp. 3d. ---, 2023 WL 5672311, at *2-14 (M.D. Pa. Sept. 1, 2023); *United States v. Quailes*, No. 21-0176, --- F. Supp. 3d ---, 2023 WL 5401733, at *4-12 (M.D. Pa. Aug. 22, 2023).

"[T]he Second and Fourteenth Amendments protect an individual right to keep and bear arms for self-defense."  *Bruen*, 597 U.S. at 17.  "[W]hen the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct."  *Id.*  The "government must demonstrate that [a] regulation is consistent with this Nation's historical tradition of firearm regulation," *id.*, for the regulation to pass constitutional muster.

To resolve Defendant's "as applied" challenge to § 922(g)(1), we follow the test articulated in *Bruen*, and "first decide whether the text of the Second Amendment applies to [Defendant] and his proposed conduct."  *Range*, 69 F.4th at 101 (citing *Bruen*, 597 U.S. at 31-32).); *see also Ortiz*, 2024 WL 493423, at *4.  "If it does, the government now bears the burden of proof:  it 'must affirmatively prove that its firearms regulation is part of the historical tradition that delimits the outer bounds of the right to keep and bear arms.'"  *Id.* (quoting *Bruen*, 597 U.S. at 19).

As to the first question, the Government correctly concedes that Defendant is among "the people" covered by the Second Amendment.  (Gov't Opp. at 7.)  *See Range*, 69 F.4th at 101 (holding that "the people" in the Second Amendment refers to all Americans, not only law-abiding persons).  We need not resolve whether the Second Amendment applies to Defendant's conduct because even if it does, the Government has affirmatively shown that § 922(g)(1) is part of the historical tradition that limits the right to keep and bear arms.

The Third Circuit Court of Appeals expressly noted that its decision in *Range* is a "narrow" one.  *Range,* 69 F.4th at 106.  "That Range does not conceivably pose such a threat says nothing about those who do."  *Id*. at 110 (Ambro, J. concurring).  As articulated in Judge Ambro's concurring opinion in *Range*, *id.* at 110-112, and in opinions from other judges in this District, *see, e.g., Ortiz*, 2024 WL 493423, at *5, there is a historical tradition of restricting the possession of firearms by felons.  (*See also* Gov't Opp. at 9-14.)  "Recent [Supreme Court] opinions interpreting the Second Amendment . . . do not cast doubt on certain presumptively lawful regulatory measures such as longstanding prohibitions on the possession of firearms by felons."  *United States v. Ames*, No. 23-178, 2023 WL 5538073, at *2 (E.D. Pa. Aug. 28, 2023).  Restricting felons' possession of firearms "fits within our Nation's history and tradition of disarming those persons who legislatures believed would, if armed, pose a threat to the orderly

functioning of society." *Range*, 69 F.4th at 110 (Ambro, J. concurring).  This concern is reflected in the instant case, in which Defendant, a convicted felon, allegedly possessed a firearm and ammunition while engaged in illegal drug distribution.  (*See* Indictment Counts III, IV.).  *See, e.g.*, *Ortiz*, 2024 WL 493423, at *5 ("As numerous other courts have recognized, guns and drugs are a 'dangerous combination,' and drug-traffickers are 'dangerous and disruptive to society.'") (collecting cases).  Accordingly, we find that § 922(g)(1) is constitutional as applied to Defendant.

Defendant's remaining arguments are also unavailing.  Defendant's facial challenge fails because he has not "establish[ed] that no set of circumstances exists under which [§ 922(g)(1)] would be valid." *United States v. Mitchell*, 652 F.3d 387, 405 (3d Cir. 2011).  Moreover, his facial challenge is foreclosed by our finding that this provision is constitutional as applied to him.  *See, e.g.*, *Fields*, 2024 WL 756948, at *5 ("[The court's] finding that § 922(g)(1) is constitutional as applied to this Defendant, establishes that § 922(g)(1) is not unconstitutional in all cases."); *Ortiz*, 2024 WL 493423, at *8 n.5; *see also United States v. Williams,* No. 21-34, 2024 WL 665851, at *9 (M.D. Pa. Feb. 16, 2024) ("The [Third Circuit] did not hold that § 922(g)(1) is unconstitutional on its face and instead was careful to instruct that the statute remained facially constitutional at this time." (quoting *Range*, 69 F.4th at 106.))

Defendant's assertions that § 922(g)(1) is void for vagueness and inconsistent with the original public meaning of the Commerce Clause have been rejected by numerous courts in post-*Range* decisions. *See, e.g.*, *United States v. Miller*, No. 23-135, 2024 WL 69140, at *5 (E.D. Pa. Jan. 5, 2024) (finding that the plain text of § 922(g)(1) provides "unambiguous notice" to those who have been convicted of a crime punishable by an imprisonment term exceeding one year and that the Commerce Clause challenge to the provision is "foreclosed by precedent." (citing *NLRB v. Jones & Laughlin Steep Corp*., 301 U.S. 1 (1937))); *see also Fields*, 2024 WL 756948, at *5 (rejecting vagueness and Commerce Clause challenges to § 922(g)(1)); *United States v. Hydock*, No. 23-205, 2023 WL 8810793, at *7 (E.D. Pa. Dec. 20, 2023) (same).  We agree with the reasoning of these decisions and reach the same result.  Defendant's Motion to Dismiss Count Four of the Indictment is denied.